**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOHN HALL, ) | | |
| ID # 11207-078, ) | | |
| Movant, ) | **No. 3:14-CV-1389-O (BH)** | |
| vs. ) | **(No. 3:12-CR-0349-O)** | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | **Referred to U.S. Magistrate Judge** | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed April 17, 2014 (doc. 2), should be **DENIED** with prejudice.

**I. BACKGROUND**

John Hall (Movant) challenges his federal conviction and sentence in Cause No. 3:12-CR-349-O. The respondent is the United States of America (Government).

On November 1, 2012, Movant was charged by information with a hate crime in violation of 18 U.S.C. § 249(a)(3). (*See* 3:12-CR-349-O, doc. 1.) It alleged that on December 20, 2011, while an inmate in the Federal Correctional Institution in Seagoville, Texas, Movant caused bodily injury and attempted to cause bodily injury by use of a dangerous weapon, a shod foot, to a victim because of the victim's actual and perceived sexual orientation. (*Id.*) On that date, the parties filed Movant's waiver of indictment, a written plea agreement, and a factual resume. (*Id.*, docs. 3, 8, 10.)

**A.  Plea**

The written plea agreement stated that Movant understood the nature and elements of the crime and his rights, and that he waived his rights, including the right to appeal, subject to the

exceptions listed in the agreement. (*Id.*, doc. 3 at 1, 5.) The maximum penalties that could be imposed included imprisonment for a period not to exceed 10 years. (*Id.* at 2.) The government agreed to recommend the low end of the guideline range and that the sentence be served concurrently with his existing sentence. (*Id.* at 3.) Movant understood that the government's recommendation was not binding on the Court. (*Id.*) He acknowledged that the sentence would be imposed after consideration of the sentencing guidelines, which were advisory and not binding; the sentence imposed would be solely in the Court's discretion; no one could predict with certainty the outcome of the Court's consideration of the guidelines; and he would not be allowed to withdraw his plea if the sentence was higher than expected. (*Id.* at 2.) The plea agreement confirmed that his guilty plea was freely and voluntarily made and was not the result of force, threats, or promises apart from those set out in the plea agreement, and that there were no guarantees or promises from anyone as to what sentence would be imposed. (*Id.* at 4-5.) In the factual resume, Movant stipulated to facts showing that he committed the offense. (*See id.*, doc. 4 at 2.)

On November 8, 2012, Movant and his attorney appeared for his guilty plea. (*Id.*, doc. 8.) Under oath, Movant stated that he understood the charges against him and admitted that he committed the offense. (Doc. 12 at 12-14.) He understood his rights and knew that a guilty plea waived his rights, including the right to appeal. (*Id.* at 4-7, 19-20.) Outside of the written plea agreement, no one had made any promise or assurance to him of any kind in an effort to convince him to plead guilty. (*Id.* at 20-21.) He understood the judge's authority to determine the sentence and the role of the advisory guidelines, and he acknowledged that he could not rely on promises or assurances from anyone as to the sentence he would receive. (*Id.* at 6-7, 8.) He understood that he faced up to 10 years of imprisonment. (*Id.* at 16.) The portion of the plea agreement regarding the

government's recommendation of a concurrent sentence was read to him at the plea proceeding, including his agreement that he understood that the Court was not bound by the government's recommendation. (*Id*. at 17.) He understood the factual resume and admitted that the recited facts were true and correct. (*Id*. at 15-21, 22.) Finding that it was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offenses charged in counts 1 and 4, the Court accepted Movant's guilty plea. (*Id*. at 22-23.)

**B. Sentencing**

The probation office prepared a presentence report (PSR) that calculated a base offense level of 25. (*See* 3:12-CR-349-O, doc. 11-1 at 6.) The PSR assessed a three-level enhancement for selecting a victim based on actual or perceived sexual orientation. (*Id*. at 7.) After a three-level reduction for acceptance of responsibility, the total offense level was 25. (*Id*.) Combined with a criminal history category of III, the applicable guideline range was 70-87 months. (*Id*. at 14.) The PSR stated that because the offense was committed while Movant was serving a term of imprisonment, "the sentence for the instant offense shall be imposed to run consecutive to the undischarged term of imprisonment. USSG §5G1.3(a)." (*Id*.)

Movant, through his attorney, objected to the statement in the PSR regarding a consecutive sentence and argued for a concurrent sentence. (*Id*., doc. 15 at 2.) The government responded and reiterated its recommendation that the sentence run concurrently with the undischarged sentence. (*Id*., doc. 16 at 2.) The probation office recommended no changes to the PSR, again relying on U.S.S.G. § 5G1.3(a) as stating that the sentence shall be consecutive. (*Id*., doc. 17-1 at 3.) The government responded to the addendum, acknowledging that § 5G1.3(a) required a consecutive sentence but continuing to recommend a concurrent sentence. (*Id*., doc. 18 at 1.)

3

At the sentencing hearing on March 14, 2013, defense counsel argued his objection to the PSR regarding a concurrent sentence as well as reasons why a concurrent sentence would be appropriate. (*Id.*, doc. 23 at 5-6.) The government pointed out its recommendation of a concurrent sentence. (*Id.* at 10.) During final arguments, the government asked that Movant be sentenced consistent with the terms of the plea agreement. (*Id.* at 13.) Defense counsel argued for a concurrent sentence. (*Id.* at 13-14.) The Court imposed a 71-month sentence consecutive to the undischarged sentence. (*Id.* at 18.) Movant's appellate rights were explained to him, including that if he elected to appeal, his attorney would help him perfect an appeal. (*Id.* at 20; *Id.*, doc. 19.) He did not appeal.

**C.    Substantive Claims**

Movant's § 2255 motion raises the following grounds:

(1) His guilty plea was involuntary because counsel told him he could, and most likely would, receive a concurrent sentence (grounds 1 and 2);

(2) Counsel was ineffective for failing to appeal (ground 2). (Docs. 1, 3)

The Government filed a response on June 16, 2014. (Doc. 6) Movant filed a reply brief on July 8, 2014. (Doc. 7.) In the reply, Movant elaborated on his involuntary plea claim and argued that counsel's advice was erroneous and that counsel should have told him that the sentencing guidelines precluded a concurrent sentence. (*Id.* at 2,4.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral

4

challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  VOLUNTARINESS OF PLEA

Movant contends that his guilty plea was involuntary because counsel told him he most likely would receive a sentence that ran concurrently with his undischarged sentence. (Doc. 2 at 5-6; doc. 3 at 3-4.) He also argues that the sentencing guidelines prohibited a concurrent sentence, and that counsel should have explained this to him. (Doc. 7 at 2, 4.)

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v.*

5

*United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant

6

has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

**A.    Concurrent sentence**

Movant asserts that retained counsel negotiated a plea in which the government agreed to recommend a sentencing range of 57-71 months and that the sentence be concurrent to Movant's existing sentence. (Doc. 3 at 3, 7, 9, 11.) Appointed counsel allegedly told him that the only way to get a concurrent sentence was to plead guilty with the government's recommendation of a

7

concurrent sentence, and that the government's recommendation was followed nine out of ten times. (*Id*. at 3, 7.) The possibility of receiving a concurrent sentence was his primary consideration in accepting the plea agreement. (*Id*. at 7.) He claims that his plea was involuntary because contrary to the representations of counsel and the government, the Court could not impose a concurrent sentence because it was prohibited by U.S.S.G. § 5G1.3(a). He does not allege that he was promised a concurrent sentence.

> Section 5G1.3(a) of the sentencing guidelines provides:
>
> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

The sentencing guidelines are advisory and not mandatory after *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Clay*, 787 F.3d 328, 330-31 (5th Cir. 2015). A court therefore has discretion to impose a sentence that runs concurrent with an undischarged sentence. *See United States v. Strouse*, 476 F. App'x 552, 553-54 (5th Cir. 2012) (the record did not show that the district court thought § 5G1.3(a) was mandatory); *United States v. Williams*, 373 F. App'x 535 (5th Cir. 2010) (same); *see also* 18 U.S.C. § 3584(a) ("if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively").

Pursuant to the plea agreement, the government recommended that the sentence be concurrent to his undischarged sentence. (*See* 3:12-CR-349-O, doc. 3 at 3.) The government reiterated its recommendation throughout the sentencing process. (*Id*., doc. 16 at 12, doc. 18 at 1, doc. 23 at 10.) Defense counsel objected to the PSR's statement that the sentence must be

8

consecutive under the sentencing guidelines and argued that the Court had discretion to impose a concurrent sentence. (*Id.*, doc. 15 at 2, doc. 23 at 5-6.) Under *Booker,* the Court had discretion to impose a concurrent sentence, and Movant has not shown that the Court thought § 5G1.3(a) was mandatory. He has not shown that counsel's advice regarding the possibility of a concurrent sentence was erroneous and that his plea was involuntary as a result.

Further, Movant's sworn statements in open court and the plea documents show his plea was voluntary. They reflect that he understood and waived his rights, and he admitted committing the offense and stipulated to facts showing he committed the offense. He understood the sentencing range, the Court's discretion in sentencing, that the Court was not bound to follow the plea agreement, and that he could not withdraw his plea if the Court did not follow the plea agreement. Even his arguments in his § 2255 motion are consistent with the record. Movant does not allege that he was promised a concurrent sentence. He claims that counsel told him that the government's recommendation was followed nine out of ten times, again acknowledging his understanding that there was a possibility that the Court would not accept the government's recommendation. Movant has not shown that he is entitled to relief on this ground.

**B.      Ineffective assistance of counsel**

Movant contends counsel was ineffective for telling him that a concurrent sentence was possible, instead of explaining that a concurrent sentence was prohibited by § 5G1.3(a).

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335,

9

344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). However, a "defendant's mere subjective understanding that he would receive a lesser sentence" does not render a plea involuntary. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002).[1] The plea stands unless the expectation of a lesser sentence resulted from "a promise or guarantee by the court, the prosecutor or defense counsel." *Id.*

To successfully state a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Movants must "affirmatively prove prejudice." *Id.* at 693. The prejudice component "focuses on the question whether counsel's deficient performance renders the result of

---

[1] The Court does not cite *Daniels* for any proposition potentially abrogated in *United States v. Grammas*, 376 F.3d 433, 437-38 (5th Cir. 2004) (abrogating reliance on a "significantly less harsh test" of prejudice for sentencing errors in the § 2255 context), to the extent that any such abrogation occurred. *See* 376 F.3d at 438 n.4 (specifically distinguishing *Daniel* because that case dealt with prejudice in the context of § 2254).

the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). In the context of a guilty plea, the *Strickland* "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). To satisfy this requirement, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58.

As discussed, counsel did not provide erroneous advice regarding the possibility of a concurrent sentence. The Court had discretion to impose a concurrent sentence. *See United States v. Strouse*, 476 F. App'x at 553-54; *United States v. Williams*, 373 F. App'x at 535; *see also* 18 U.S.C. § 3584(a). Movant has not shown deficient performance or prejudice or that he is entitled to relief on this ground.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant also contends that counsel was ineffective for failing to appeal. (Doc. 2 at 6.) He

11

does not allege that he ever asked counsel to pursue an appeal.

"There is no constitutional right to appeal a criminal sentence." *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Counsel "is not burdened by any general duty to perfect an appeal of every criminal conviction." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999). Counsel's failure to pursue an appeal can amount to ineffective assistance under *Strickland*, however. *See United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000)).

The assessment of deficient performance "begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *Pham*, 722 F.3d at 323 (citation omitted). "'Consulting' is a term of art that means advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. (citation omitted). There is no constitutional requirement that counsel consult with the defendant about an appeal in every case. *Flores-Ortega*, 528 U.S. at 479-80. A constitutionally-imposed duty arises when there is reason to think that a rational defendant would want to appeal, such as when there are nonfrivolous grounds for appeal, or when the defendant has reasonably demonstrated to counsel that he is interested in appealing. *Id*. at 480.

A defendant can satisfy the prejudice prong by demonstrating that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, [defendant] would have timely appealed." *Id*. at 484. "[C]ourts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 477. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to

follow the defendant's express instructions with respect to an appeal." *Pham*, 722 F.3d at 323-24. If a defendant proves, by a preponderance of the evidence, that he directed his attorney to file an appeal and it was not filed, prejudice is presumed regardless of the merits and regardless of any appellate waiver. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).  When a defendant is denied the opportunity to appeal due to ineffective assistance of counsel, the defendant is entitled to an out-of-time appeal. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

Here, Movant does not allege that he told counsel to appeal or that he expressed an interest in appealing.  He argues that he should not have needed to tell counsel to appeal, and that counsel should have appealed the involuntary plea based on counsel's alleged incorrect advice about the possibility of a concurrent sentence.  He does not state whether counsel consulted with him about an appeal.

Even assuming counsel did not consult with Movant, the record does not reflect any nonfrivolous grounds to appeal such that counsel should have thought a reasonable defendant would have wanted to appeal. As discussed, counsel's advice about the possibility of a concurrent sentence was not erroneous and therefore did not render the plea involuntary.  Movant does not identify any other nonfrivolous issue for appeal about which counsel should have consulted with him.  He was sentenced within the sentencing guidelines, and the Court had discretion to impose a consecutive sentence.  Movant has not demonstrated counsel had a constitutional duty to consult with him about an appeal.  *See Flores-Ortega*, 528 U.S. at 479-80.

Movant has not shown ineffective assistance of counsel regarding the failure to appeal.  He has not established deficient performance or prejudice or that he is entitled to relief on this claim.

13

## V.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED on this 31st day of May 2016**.

	*[signature]*
	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

	*[signature]*
	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE